```
 1  LAWRENCE G. BROWN
    Acting United States Attorney
 2  JILL THOMAS
    Assistant U.S. Attorney
 3  501 "I" Street, Suite 10-100
    Sacramento, California 95814
 4  Telephone: (916) 554-2781
```

**FILED**

MAR 27 2009 

**SEALED** CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: APPLICATION FOR AN ORDER AUTHORIZING THE EXTENSION OF THE USE OF A PEN REGISTER DEVICE, TRAP AND TRACE DEVICE, CALLER IDENTIFICATION SERVICE, AND THE DISCLOSURE OF BILLING AND SUBSCRIBER INFORMATION | NO. SW-08-0048 KJM<br><br>ORDER FOR SEVENTH EXTENSION<br><br>**UNDER SEAL** |

This matter has come before the Court pursuant to an Application under Title 18, United States Code, Sections 3122 and 2703 by Jill M. Thomas, an attorney of the United States Department of Justice. The Application requests an order authorizing the use of a pen register device, trap and trace device, and Caller Identification feature on the cellular telephone currently identified by telephone number **916-715-2581**, hereinafter **916-715-2581**, and directing AT & T, Sprint Nextel, MetroPCS Inc., AT & T Wireless Services, Sprint Spectrum LP, U.S. Sprint, Cellco Partnership dba Verizon Wireless, T-Mobile, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, GTE, MCI, Media One, U.S. Quest, Cingular Wireless, Roseville Telephone / Surewest, Citizens Utilities, and any other

involved telephone company, to disclose certain related subscriber and billing information.

The Court finds that the applicant has certified and shown, on the basis of specific and articulable facts, that there are reasonable grounds to believe that the information likely to be obtained by the requested use and disclosure will be relevant and material to a legitimate ongoing criminal investigation into possible violations of Title 18, United States Code 2339A, Section (a)(Providing of Material Support to Terrorists), and Title 21, United States Code 846 (Conspiracy to Distribute a Controlled Substance).

The Court further finds that the government has made a showing that there is reason to believe that notification or disclosure by AT & T, Sprint Nextel, MetroPCS Inc., AT & T Wireless Services, Sprint Spectrum LP, U.S. Sprint, Cellco Partnership dba Verizon Wireless, T-Mobile, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, GTE, MCI, Media One, U.S. Quest, Cingular Wireless, Roseville Telephone / Surewest, Citizens Utilities, and any other involved telephone company, of the existence of the pen register device, trap and trace device, and Caller Identification feature, or the request for subscriber, billing, and other relevant information will: (1) endanger the life or safety of government agents or confidential sources; (2) cause the subjects to flee to avoid prosecution; or (3) seriously jeopardize the investigation in that the suspects will stop using their telephones, begin using pay telephones, or move their illegal operations elsewhere.

In addition, the Court finds that the Federal Bureau of

Investigation ("FBI") does not currently possess the technology needed to limit the information obtained from a pen register to only the number dialed to reach the called number and not the numbers dialed as numerical codes or messages.

The Court also finds that good cause exists for permitting the FBI or other authorized law enforcement personnel to obtain information from the trap and trace device and Caller Identification feature without geographic limitation.

IT APPEARING that the numbers dialed or pulsed to or from telephone number **916-715-2581**, utilized by GILL, and to or from any other telephone numbers subsequently assigned to the same Electronic Serial Number ("ESN") and / or any other telephone assigned or accessed through the current International Mobile Subscriber Identity ("IMSI") number within the sixty (60) day period, are relevant and material to an ongoing criminal investigation of the specified offenses, THE FOLLOWING IS HEREBY ORDERED:

1. Pursuant to Title 18, United States Code, Section 3123, agents of the FBI or other authorized law enforcement agency may install and use a pen register to register numbers dialed or pulsed to or from telephone number **916-715-2581** utilized by Satwinder Singh GILL, to record the date and time of such dialings or pulsings, and to record the length of time of such dialings or pulsings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls for a period of sixty (60) days from the date of this Order, and that this authorization applies not only to the target telephone number listed above, but also to any other

1 telephone numbers subsequently assigned to the same ESN and / or
2 any other telephone assigned or accessed through the current IMSI
3 number within the sixty (60) day period,

4     2. Pursuant to Title 18, United States Code, Sections 3123
5 and 2703(c) and (d), Sprint/Nextel, shall install, program,
6 and/or use equipment in order to trap, trace, and identify the
7 telephone numbers of the incoming calls, to telephone number **916-**
8 **715-2581**, or to any other telephone numbers subsequently assigned
9 to the same ESN and / or any other telephone assigned or accessed
10 through the current IMSI number within the sixty (60) day period,
11 and provide the name, address and ESN/IMSI for the subscriber of
12 record, whether published or unpublished, for each identified
13 incoming call and where possible, provide the time and duration
14 of each call, and continue the operation of such trap and trace
15 activity for a period not to exceed sixty (60) days from the date
16 of this Order. Sprint/Nextel will satisfy the requirements of
17 this portion of the Order by providing said subscriber
18 information (name, address and ESN/IMSI for the subscriber of
19 record) only once for each number and is not required to produce
20 subscriber information on each telephone call. The use of the
21 trap and trace device shall be without geographic limitation.

22     3. Pursuant to Title 18, United States Code, Sections 3123
23 and 2703(c) and (d), Sprint/Nextel shall examine cellular
24 telephone number **916-715-2581** and determine if it is equipped
25 with the Caller Identification feature as is supplied to some
26 retail customers. If said telephone line is not equipped with
27 the Caller Identification feature but the equipment for said
28 feature is available, Sprint/Nextel is directed to add to the

existing service the Caller Identification feature with no record of said feature going to the subscriber. Sprint/Nextel shall be compensated by the government for any additional expenses for installing the Caller Identification feature, and Sprint/Nextel's use of the Caller Identification feature will serve as a substitute for the use of a trap and trace device. Sprint/Nextel shall take all necessary precautions to ensure that the addition of said feature, or any activity relating to said feature, shall not be reflected on the customer's bill or in any other way be disclosed.

4. Pursuant to Title 18, United States Code, Section 3123(b)(2), Sprint/Nextel shall furnish agents of the FBI or other designated law enforcement agency forthwith all information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register device, trap and trace device, and Caller Identification feature unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place.

5. Sprint/Nextel shall furnish the investigating agents the telephone numbers associated with any speed dialing codes dialed or pulsed from cellular telephone number 916-715-2581, or to any other telephone numbers subsequently assigned to the same ESN and / or any other telephone assigned or accessed through the current IMSI number within the sixty (60) day period.

6. Pursuant to Title 18, United States Code 2703(c) and (d), Sprint/Nextel shall furnish agents of the FBI or other designated law enforcement agency with notice of any change in

service involving telephone number **916-715-2581**, and all billing records, toll records, credit card bills, and call forwarding information for telephone number **916-715-2581** on a continuing basis for a period of sixty (60) days from the date of this Court's Order.

7. Pursuant to Title 18, United States Code, Section 2703(c) and (d), AT & T, Sprint Nextel, MetroPCS Inc., AT & T Wireless Services, Sprint Spectrum LP, U.S. Sprint, Cellco Partnership dba Verizon Wireless, T-Mobile, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, GTE, MCI, Media One, U.S. Quest, Cingular Wireless, Roseville Telephone / Surewest, Citizens Utilities, and any other involved telephone companies shall furnish agents of the FBI or other designated law enforcement agency with complete subscriber information (name, address and ESN/IMSI for the subscriber of record), for all telephone numbers dialed or pulsed to or from telephone number **916-715-2581**, as recorded by the pen register device, and for all telephone numbers placing calls to telephone number **916-715-2581**, as recorded by the trap and trace device or the Caller Identification feature for a period of sixty (60) days from the date of this Order. This authorization shall apply not only to **916-715-2581**, but also to any other telephone numbers subsequently assigned to the same ESN and / or any other telephone assigned or accessed through the current IMSI number within the sixty (60) day period.

///
///
///

8. Sprint/Nextel shall be compensated by the government for reasonable expenses incurred in providing facilities and technical assistance in connection with the pen register device, trap and trace device, and Caller Identification feature.

        9. Pursuant to Title 18, United States Code, Sections 3123 (d) and 2705 (b), this Order and the Application shall be sealed until otherwise ordered by the Court, and AT & T, Sprint Nextel, MetroPCS Inc., AT & T Wireless Services, Sprint Spectrum LP, U.S. Sprint, Cellco Partnership dba Verizon Wireless, T-Mobile, GTE Wireless Inc., VIA Wireless Services, Pacific Bell Telephone Company, SBC, GTE, MCI, Media One, U.S. Quest, Cingular Wireless, Roseville Telephone / Surewest, Citizens Utilities, and any other involved telephone company, shall not disclose the existence of the investigation, the existence of the pen register device, trap and trace device, and Caller Identification feature, or the request for subscriber, billing, and other relevant information to the listed subscribers, or to any other person, unless or until otherwise ordered by the Court.

**IT IS SO ORDERED.**

DATED: 3-27-09

HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE